UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN BRUMBAUGH, as sole member of COMMUNITY MORTGAGE ASSOCIATION, LLC,<br><br>Respondent. | CASE NO. MC09-5011RBL<br><br>REPORT AND CERTIFICATION FOR FURTHER CONTEMPT PROCEEDINGS<br><br>Noted for March 19, 2010 |

This matter, along with a related case, (U.S.A. v. Brian Brumbauah, , MC09-5012RBL), has been referred to the undersigned magistrate judge. Both cases are before the court on petitioner's motions regarding contempt. After conducting an evidentiary hearing and considering the record, the undersigned submits separate reports for each case, certifying facts contained in the record for the district judge to consider finding contempt and appropriate sanctions against respondent.

**Procedural And Factual Background**

This matter concerns the government's attempt to collect information and taxes from Community Mortgage Association, LLC, through its sole member, Brian Brumbaugh (hereinafter "respondent" or "Brumbaugh."). On May 9, 2008, the Internal Revenue Service

REPORT ON CONTEMPT - 1

("IRS") issued an IRS summons directing the respondent to appear before a revenue officer on May 28, 2008, to testify and to produce the books, records, and other certain documents related to respondent's federal tax responsibilities for 2005, 2006, and 2007. Plaintiff did not comply with the IRS summons, despite repeated administrative attempts to obtain the information.

On June 2, 2009, the United States of America, on behalf of the IRS, filed a petition with the court to seek enforcement of the IRS summons. Doc. 1. Despite being provided the opportunity to object or provide the court with argument opposing the petition, respondent did not appear. Respondent has not filed any answer or other pleading in response to the underlying petition.

On September 17, 2009, the Court issued an order, directing respondent to appear before investigating Revenue Officer Janelle Lourdeau, or any other proper agent, officer, or employee of the Internal Revenue Service, to testify and produce records as previously demanded. Doc. 9. Revenue Officer Lourdeau testified in court that respondent failed to appear at the designated time and place. The undersigned notes that the Court's order was sent to respondent via certified mail, but it was returned by the U.S. Postal Service as unclaimed. Doc. 10.

Petitioner now asks the court to consider holding respondent in contempt of court for failure to comply with the Court's orders and directions. Doc. 11. On January 20, 2010, the undersigned reviewed the record and issued an order to provide respondent with actual notice and the opportunity to appear before the court on this date to address the issue of contempt. As Petitioner advised the court that Brian Brumbaugh was the sole member of Respondent, Doc. 11, he was specifically informed that his failure to appear on behalf of Respondent would result in a warrant being issued for Mr. Brumbaugh's arrest. Doc. 13.

The court's order was personally served by the U.S. Marshal. Docs. 14. Pursuant to 28 U.S.C. §636(e)(6), see discussion below, a hearing was conducted on this date to consider the facts related to petitioner's motion regarding contempt. The court took testimony from Revenue Officer Lourdeau. Respondent did not appear for the hearing, and an arrest warrant has been issued by this court for failure to appear at the hearing.

## Discussion

*1) Magistrate Judge's Authority and Role in Contempt Proceedings.*

A magistrate judge's contempt authority is spelled out in 28 U.S.C. § 636(e)(6). Absent action in the presence of the magistrate judge, in a civil consent action, or a criminal misdemeanor case, a magistrate judge must certify facts to the district court. The statute provides:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6). Under the certification process, the magistrate judge may conduct a hearing. *See, e.g.*, Church v. Steller, 35 F.Supp.2d 215, 217 (N.D.N.Y.1999), but the magistrate judge "functions only to 'certify the facts'" and not to issue an order of contempt. Church v. Steller, 35 F.Supp.2d at 217 (*citing* Litton Sys., Inc. v. AT & T, 700 F.2d 785, 827 (2d Cir.1983), *cert. denied*, 464 U.S. 1073 (1984)). In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." Church v. Steller, 35 F.Supp.2d at 217 (*citing* Proctor v. State Gov't of N.C., 830 F.2d 514, 521 (4th Cir.1987)).

Upon certification of the facts supporting a finding of contempt, the district court judge is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made. *See* Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 907-08 (3d Cir.1992) (holding that it was error for the district court not to conduct a de novo hearing after the magistrate judge issued a certification of contempt). Where, however, the magistrate judge declines to certify the conduct to the district court for a determination of contempt, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." Church v. Steller, 35 F.Supp.2d at 217 (*citing* In re Nova Biomedical Corp. v. i-STAT Corp., 182 F.R.D. 419, 423-24 (S.D.N.Y.1998)); *see also* In re Kitterman, 696 F.Supp. 1366, 1370 (D.Nev.1988) (noting that magistrate's decision not to certify to district court "dispos[es] of the matter").

Here, as noted above, the undersigned conducted a hearing on this date. Mr. Brumbaugh did not appear, and an arrest warrant has been issued. In the interests of justice, the court also took testimony from the IRS officer to update the record regarding Mr. Brumbaugh's continued failure to comply with the underlying IRS summons. Below, the court discusses whether or not the facts in this warrant further contempt proceedings by the district judge.

*2      Standards for Contempt*

It is well established that the power to punish for contempt is inherent in all courts. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The underlying concern is "disobedience to the orders of the [j]udiciary," not "merely the disruption of court proceedings." Id. at 44 (*quoting* Young v. United States, 481 U.S. 787, 798 (1987)). An individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions.

United States v. Petito, 671 F.2d 68, 72 (2d Cir. 1981)(*citing* Yates v. United States, 355 U.S. 66, 74 (1957)), *cert. denied*, 459 U.S. 824 (1982).

An order of civil contempt may issue pursuant to Title 18, United States Code, Section 401, which authorizes a federal court to punish "by fine or imprisonment, or both, at its discretion" any contempt of the court's authority, such as "[m]isbehavior of any person in [the court's] presence or so near thereto as to obstruct the administration of justice" or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (2002). The court also "has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).

The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. Balla v. Idaho St. Bd. of Corrections, 869 F.2d 461, 466 (9th Cir.1989). The burden then shifts to the contemnors to demonstrate why they were unable to comply. Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir.1983), *cert. denied*, 464 U.S. 1040 (1984). Contempt is not appropriate if the action "appears to be based on a good faith and reasonable interpretation of the [court's order]." In re Dual Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir.1993)(citation omitted). The court also held that "substantial compliance" with the court order is a defense to civil contempt, and is not vitiated by "a few technical violations" where every reasonable effort has been made to comply. Id. The district court "has wide latitude in determining whether there has been contemptuous defiance of its order." Gifford v. Heckler, 741 F.2d 263, 266 (9th Cir.1984).

This court hereby certifies the following facts for consideration by the District Court:

1. On September 17, 2009, the Court entered an Order of Enforcement of Summons. That Order directed the respondent, Brian Brumbaugh, as sole member of Mortgage Associates, LLC, to appear before the IRS officer assigned to this matter, or any other proper agent, officer, or employee of the Internal Revenue Service, and to testify and produce records as demanded in the Internal Revenue Service summons, no later than twenty (20) workdays following the entry of the Order. The respondent had until October 16, 2009, to comply with this Court's order. The Order was sent by the Court Clerk to Respondent by certified mail, but he did not claim the letter and it was returned. Mr. Brumbaugh was then personally served with the previous court orders, Doc. 12

2. Mr. Brumbaugh continues to evade the original IRS summons served on or about May 9, 2008. The government presented uncontradicted testimony of the IRS officer to update the record, confirming that respondent has not complied with the IRS summons through the date of the hearing.

3. Mr. Brumbaugh again was personally served with an order to show cause as to why a contempt order should not be entered, Doc. 14, and he failed to appear for the court hearing, which has resulted in a warrant for his arrest.

## **Conclusion**

The court record presents sufficient facts, discussed above, to certify further consideration of contempt by the district judge. Upon respondent's arrest or appearance in this matter, the Court should hold a hearing to consider a finding of contempt and appropriate sanctions.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 19, 2010, as noted in the caption.

DATED this 25th day of February, 2010.

_____
J. Richard Creatura
United States Magistrate Judge